United States District Court
District of Massacheuttes
Civil Docket No. _____

**VERIFIED COMPLAINT**

Scott Ellis,,
Plaintiff
vs.
Hon. Anthiny Nesi,
individually and in his/her official capacity as retired Justice of the Probate and Family
Court
in Bristol County,
Defendant

## Parties

1.      The plaintiff Scott Ellis (defendant in docket # BR08W0322) is a
resident of Swansea, Bristol County, Massachusetts and a citizen of the
United States.

2.      The defendant Judge Nesi, is a retired Judge from the Bristol
County Probate and Family Court in Taunton in the Commonwealth of
Massachusetts

## Jurisdiction

6.      This court has jurisdiction over this matter pursuant to
        28 U.S.C. §1331 et seq

## The Allegations

7.      The plaintiff in this case has had his constitutional and civil rights
violated several times since this Probate and Family Court case started
in 2008.

8.      On or about August 11, 2010 during Judge Nesi's first
appearance on this case he stated "I know nothing about this case or
why I ended up with it" but went ahead with making orders based upon
what the mother's attorney had stated. He also failed to address the
motion left open by the previous judge and continued the child support
order that was being challenged.

    a. Failure to address the open motion regarding child visitation
    and support is a Civil rights violation - denial of due process

    b. This violates Cannon 2(A) and Cannon 3(A)(4) of the Code of
    Conduct for United States Judges.

9.        On April 28,2011, Judge Nesi sentenced the defendant to 30 days in jail for non-payment of support and allegedly working under the table.

a. The defendant was being held in contempt due to the judge arguing with plaintiff whether the plaintiff had the right to protect myself or not. Judge Nesi said the plaintiff did not, the plaintiff stood up and said "excuse me?" and was taken into custody.

b. This violates Cannon 3(A)(1) and Cannon 3(A)(4) of the Code of Conduct for United States Judges.

c. While the defendant was being held, Judge Nesi recalled the case to the bench and found the defendant guilty of working under the table and non-payment of support.

d. This violates Cannon 3(A)(1) and Cannon 3(A)(4) of the Code of Conduct for United States Judges.

e. Judge Nesi never checked with DOR/CSE because if he had he would have seen that the defendant, weather it was full or partial, never missed a payment.

f. Judge Nesi would have also seen from DOR/CSE a document sent to the job that plaintiff (child's mother) and her attorney in the case claimed the plaintiff was working under the table at. The letter from DOR/CSE informed that job that they did not have to take any moneys out from the plaintiff's paycheck as they were receiving in from another source. (View exhibit 2)

g. Do to being held in a holding cell, the defendant was unable to enter evidence of the last 6 paystubs from the current job at that time that would have also showed support being taken out.

h. The 30 days led to the plaintiff losing his job and apartment, leaving the defendant homeless.

i.   This violates Cannon 3(A)(4) of the Code of Conduct for United States Judges.

10.    The defendant asked the Supreme Judicial Court to take superintendence of this case. Which it was allowed and assigned to a single justice, Chief Justice Duffly.

a. Chief Justice Duffly ultimately denied the motion for superintendence and motion to reconsider

b. Chief Justice Duffly never contacted the plaintiff but it is believed that Judge Nesi had contact with her. The plaintiff has a timeline of how this had happened during the time Chief Justice Duffly had the case.

c. This violates Cannon 2(A) and Cannon 3(A)(1) AND 3(A)(4) of the Code of Conduct for United States Judges.

11.    Judge Nesi held the hearing regarding support, custody, and visitation on this case. He did this after being asked to recuse himself. He did not take time to review the request and stated "he felt he could still hear this case and be impartial."

a. The plaintiff believes Judge Nesi did not follow the requirements when served with a motion to recuse in this matter. Also, Judge Nesi denied the defendant due process by not allowing the defendant the ability to respond.

12.    On May 2, 2016 Judge Nesi held an ex parte hearing in his chambers regarding docket number BR 08W0322.

   a.    He did this without either party present or aware

      i.   This violates the civil rights to due process of both parties

         ii.   This violates Cannon 3(A)(4) of the Code of Conduct for United States Judges.

   b.    Judge Nesi states "The court finds the Defendant in contempt of a clear and unequivocal order with the ability to comply."

      i.   Judge Nesi failed to state if the contempt was civil or criminal

         ii.   If the court does not declare in advance whether it is treating the proceeding as a criminal or civil contempt, it is limited to ordering a civil (coercive) sanction rather than a criminal penalty.

13.    Judge Nesi alleges that Mr. Ellis did look for work while at the same time telling prospective employers about his disability.

a.    Probation officer Lefebvre was told by the defendants Primary Care Physician Dr. Salter that "Mr. Ellis may be able to work, but that it would require a job with significant accommodation." This is mentioned in the memorandum dated April 8, 2016

  i.    Nowhere in the Massachusetts General Laws does it state informing an employee of one's limitation and past injuries against the law.

  ii.    Furthermore, there is no evidence to support Judge Nesi's statement regarding "tell prospective employers about his disability" as the defendant never talked to anyone that the defendant filled an application for.

  iii.    The defendant has requested several times for the court to supply the document's or evidences that supports Judge Nesi's statement and have not received anything.

    1.    This is again a violation of the defendant civil rights to due process.

14.    Judge Nesi made the following order: The Defendant is ordered to be on "HOME CONFINDMENT" with a GPS tracking device until further order of the court. He is to be fitted by the probation officer forthwith.

a.    Use of a GPS ankle bracelet is a criminal punishment not a civil one and this is a civil contempt per the statement 12 (b) (i) (1) above therefore an illegal order.

b.      the plaintiff has found out that the GPS was being used to track the plaintiff's movement during his "free time".

c.      Probation Officer Lefebvre's statement in his most recent Memorandum dated November 15,2016 made it very clear that the Family Court was using the GPS monitoring device in manor

d.      The Supreme Court clarified and affirmed that if the government puts a GPS tracker on you, your car, or any of your personal effects, it counts as a search—and is therefore protected by the Fourth Amendment.  search warrant was never obtained by the Family Court.

e.      this is a clear violation of the plaintiff 4th and 8th Amendment rights.

15.  Plaintiff did file a motion to suppress all information obtained by Electronic monitoring (ELMO) as there was not search warrant obtain but it was denied by Judge Jacobs.

16.   The plaintiff submitted a motion of stay to the Appeals court on May 10,2016.

a.    It was assigned to Associate Justice Hanlon but handled by Associate Justice Trainor.

b.    The motion was denied by Associate Justice Trainor without explanation on March 8, 2016

   i.    This is clear violation of due process.

c.    A Motion for Answers was submitted on April 16, 2016 regarding the denied motion of stay and was changed by Associate Justice Trainor to a motion reconsider without notification to the plaintiff and then denied with no explanation on April 23, 2016 by Associate Justice Trainor

d.    A Motion for findings of fact and rulings of law was filed on April 30, 2016 and denied with no explanation on May 6, 2016 by Associate Justice Trainor

   i.    This is clear violation of due process

17.    The defendant filled a motion to dismiss the order dated May 2, 2016 by Judge Nesi for violation of the 4th amendment and lack of evidence to support judge Nesi's statement.

a.    Judge Jacobs heard this motion and denied it.

18.    On September 9,2016 on a scheduled hearing Judge Jacobs stated on a motion submitted by the plaintiff on an earlier date (exhibit ) she would respond to it whether there is evidence to support Judge Nesi's statement. Judge Jacob

refused to answer the motion as to evidences or documents to support judge Nesi's statement.

a.    This is again another clear violation of Due Process

b.    Furthermore, A hearing for violation to the May 5, 2016 order was also held this day in which Judge Jacobs arraigned the plaintiff on criminal charges.

i.    The plaintiff is fully aware of the improper actions by Judge Jacobs regarding the criminal arraignment in a Family court setting

ii.    The attorney from the Attorney General's office for the Probation department even mentions thing in a motion they filed to have the criminal charges dismissed.

iii.    Judge Jacobs continued moving forward with both hearing even after denying a motion for jury trial, and a motion to recuse filed by the court appointed defense attorney.

19.    An appeal was filed on or about May 25, 2016 and as of the date of this complaint, it still has not made its way to the Appeals Court in Boston, MA

a.    The location of the appeal is unknow to the plaintiff and the plaintiff feels this is being don't purposely to continue to abuse his constitutional and civil right and delay justice.

20.    The Plaintiff had submitted a petition for a writ of Habeas Corpus on Oct, 7, 2016 to the Supreme Judicial Court.

a.    The plaintiff also filed a motion of stay to the Supreme Judicial Court in November 1, 2016 as part of the Writ.

b.    On November 17,2016, 30 days after receiving the Writ of Habeas Corpus, Justice Kimberly S. Budd denied both motions

**21.    The Plaintiff is looking for the following RELIEF:**

22.    While this matter is being reviewed the plaintiff requests an order  issued to the Department of Revenue Child Support Enforcement to reinstate the Plaintiffs license and cover the fee and that the motion of stay be allowed against the lower court any evidence or documents obtained by Electronic Monitoring not be allowed to be used.

**Upon a guilty verdict on the defense**.

23.  That retired Judge Nesi be stripped of all power given to him by the courts and the suspension of his license to practice law.

24.    To suppress any evidence or documents obtained by Electronic Monitoring

25.  That current child support balance be removed.

26.  It ordered that a new support, custody, and visitations be held and the plaintiff is requesting it be handled by Chief Justice of the Family and Probate Courts

27.  No support to be paid until visitations start or father is allowed to sign his rights away to the child and no support order is allowed

28.  1 million for pain and suffering along with costs and damages caused by Judge Nesi, Associate Justice Joseph A. Trainor, Justice Kimberly S. Budd, and Judge Jacobs

29.  The Plaintiff is requesting a trial by jury if parties cannot come to an agreement.

Signature  *Scott Ellis*   8-1-2023

Scott Ellis
118 Elm St.
Swansea, Ma. 02777
(508) 496-6411