UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| SCOTT ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-cv-11833-DJC |
| | ) | |
| HONORABLE ANTHONY NESI,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

**CASPER, J.**                                                                                              October 25, 2023

    1.    Plaintiff Scott Ellis's ("Ellis") motion to proceed *in forma pauperis*, D. 2, is ALLOWED. Because Ellis is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). In conducting this review, the Court construes Ellis's complaint "with some liberality" because he is proceeding *pro se*. Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ., 209 F.3d 18, 23 (1st Cir. 2000) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*)).

---

[1] In his complaint, Ellis spells Judge Nesi's first name "Anthiny." The correct spelling of Judge Nesi's first name is "Anthony," see, e.g., Calabria v. Calabria, 91 Mass. App. Ct. 763, 763 (2017) (affirming child support payment order issued by Judge "Anthony R. Nesi"), which spelling Ellis uses in his motion for leave to proceed *in forma pauperis*, D. 2.

2. This action is DISMISSED under 28 U.S.C. § 1915(e)(2)(B) with prejudice for failure to state a claim upon which relief may be granted and because, even as alleged by Ellis, Judge Nesi was acting in his judicial capacity, and therefore, judicial immunity bars this lawsuit. The Clerk is directed to enter a separate order of dismissal. Ellis brings this action -- for the third time -- against retired Massachusetts Judge Anthony Nesi, alleging that Judge Nesi violated his federal rights during proceedings held in the Bristol County Family and Probate Court.[2]

As Ellis is already aware, claims for monetary damages against a judge acting in their traditional adjudicatory roles are barred by the doctrine of absolute judicial immunity. See Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). "The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.'" Id. (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967) (internal quotation marks and citation omitted)). Accordingly, "when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Id.

Here, there is nothing in the complaint to suggest that Judge Nesi acted outside "traditional adjudicatory functions." Id. Rather, Ellis disagrees with the judge's judicial acts. As Ellis is aware (from prior rulings), Ellis cannot sue the state court judge in federal court for damages based upon judicial rulings.[3] Furthermore, to the extent that Ellis is seeking injunctive relief against Judge

---

[2] Ellis filed two lawsuits against Judge Nesi and other state judicial officers concerning their adjudication of matters in the Commonwealth's state and probate family courts. In each action, the Court found that the complaint failed to state a claim upon which relief could be granted because of the judges' absolute judicial immunity. See Ellis v. Marshall, et al., C.A. No. 10-11690-NG, D. 4 at 8-10 (D. Mass. Oct. 21, 2010); Ellis v. Nesi, et al., 16-10855-DJC, 2016 WL 3166393 at *3 (D. Mass. June 6, 2016).

[3] See footnote 2, *supra.*

Nesi, it is unavailable here.  "Section 1983 explicitly provides that, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" Alexandre v. Prince, CV 22-11340-ADB, 2022 WL 3597409, at *1 (D. Mass. Aug. 23, 2022) (quoting 42 U.S.C. § 1983).  Neither of these circumstances exist in this action.

3.  Ellis, having been previously warned about bringing this type of lawsuit against immune parties, see Ellis, 2016 WL 3166393, at *2 (citing Ellis, No. 10-11690-NG), is ENJOINED from bringing any action in this district against Judge Nesi or any other judge with respect to any state court action without first obtaining leave of Court to do so.  The request for leave shall be filed on the Miscellaneous Business Docket and must include:  (1) a petition for leave to file a complaint, (2) a copy of this Order, (2) a proposed complaint, (3) a separate memorandum explaining the basis for bringing the action.  Failure to comply with this ORDER will be grounds for denial of any such petition.

4.  Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Court finds, and hereby CERTIFIES, that any appeal by Ellis of the matters contained in this Order would not be taken in good faith.  Such a certification prohibits *in forma pauperis* status on appeal even though Ellis has been found to be indigent.  Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3), "a party who has been permitted to proceed in forma pauperis in the district-court ... may proceed on appeal in forma pauperis without further authorization, unless ... the district court ... certifies that the appeal is not taken in good faith ...." Id.  "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674, 674 (1958) (*per curiam*); see Lee v. Clinton, 209

F.3d 1025, 1026 (7th Cir. 2000).  A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Such is the case here, particularly where Ellis was previously advised of the judicial immunity doctrine.  Should Ellis seek to appeal the dismissal of this action, he must pay the appellate filing and docketing fees, or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

      **So Ordered.**

                                      /s/ Denise J. Casper
                                      Denise J. Casper
                                      United States District Judge